# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| LAURA LEIGH, *et al.*, | Case No. 2:22-cv-01200-CDS-BNW |
| Plaintiffs, | |
| v. | **ORDER** |
| UNITED STATES DEPARTMENT OF INTERIOR, BUREA OF LAND MANAGEMENT, *et al.*, | |
| Defendants. | |

Before the Court is Plaintiffs' Motion to Complete and Supplement the Administrative Record. ECF No. 39. Defendants responded, ECF No. 41, and Plaintiffs replied. ECF No. 43.

Because Plaintiffs have failed to meet their burden of showing that allegedly omitted materials are necessary to adequately review the BLM's decision, the Court denies their request to complete the Administrative Record, along with their request for Defendants to produce a privilege log. The Court similarly denies Plaintiffs' request to supplement the Administrative Record as to its failure-to-act and mandamus claims, as reviewing extra-record evidence would assign different standards of review to claims that are premised on the same theory of violation. But, because Plaintiffs' First Amendment claim does not fundamentally overlap with their non-APA claims, the Court will grant Plaintiffs' request to supplement the Administrative Record as to that claim.

**I.   BACKGROUND**

Plaintiffs brought claims against Defendants stemming from alleged misconduct by the Bureau of Land Management ("BLM") regarding the procedures surrounding its removal of wild, free-roaming horses and burros from the Blue Wing Complex and its Herd Management Areas in August 2022 ("2022 Gather"). *See generally* ECF No. 1. In short, Plaintiffs contend that Defendants were required, under the Wild Free-Roaming Horses and Burros Act, to prepare a Herd Management Area Plan ("HMAP") and execute the 2022 Gather in line with said HMAP,

and that their failure to do so violated Plaintiffs' rights. *Id.* Plaintiffs' claims span five causes of action, which constitute both APA and non-APA claims. *Id.*

In the beginning of 2023, Defendants filed the Administrative Record. ECF No. 34. Plaintiffs then filed this Motion to Complete and Supplement the Administrative Record. ECF No. 39. Acknowledging that they had inadvertently omitted some relevant materials, Defendants filed the Amended Administrative Record the same day that Plaintiffs filed this Motion. ECF No. 40. Notwithstanding, Plaintiffs seek the completion and supplementation of the Administrative Record.

**II.     ANALYSIS**

Courts reviewing an agency decision are generally limited to the Administrative Record. *Fla. Power & Light Co. v. Lorion*, 470 U.S. 729, 743–44 (1985). This principle is based on the recognition that further judicial inquiry into "executive motivation" represents "a substantial intrusion" into the workings of another branch of government and should normally be avoided. *Vill. of Arlington Heights v. Metro. Hous. Dev. Corp.*, 429 U.S. 252, 268 n.18 (1977). Courts, therefore, will only go beyond the Administrative Record in exceptional cases. *Lorion*, 470 U.S. at 743–44.

Here, Plaintiffs ask the Court to both "complete" and "supplement" the Administrative Record. The Ninth Circuit has outlined four narrow exceptions in which a court may admit extra-record materials: (1) admission is necessary to determine whether the agency has considered all relevant factors and explained its decision, (2) the agency has relied on documents not in the record, (3) supplementing the record is necessary to explain technical terms or complex subject matter, or (4) plaintiffs make a showing of agency bad faith. *Sw. Ctr. for Biological Diversity v. U.S. Forest Serv.*, 100 F.3d 1443, 1450 (9th Cir. 1996). These limited exceptions operate to "identify and plug holes" in the Administrative Record and are "narrowly construed and applied" to foreclose improper *de novo* review of agency decisions. *Lands Council v. Powell*, 395 F.3d 1019, 1030 (9th Cir. 2005).

"Completion" is the process of "adding material to the volume of documents the agency

2

considered." *Safari Club Int'l v. Jewell*, 111 F. Supp. 3d 1, 4 (D.D.C. 2015). "Supplementation" involves "adding material outside of or in addition to the Administrative Record that was not necessarily considered by the agency." *Id.*

### A. Plaintiffs have not met their heavy burden to show that the additional materials sought are necessary to adequately review the BLM's decision

Plaintiffs assert that the current Administrative Record omits deliberative materials related to HMAP preparation, such as correspondence surrounding a July 18, 2022 letter, correspondence between the BLM and Congress regarding preparation of HMAPs under the Wild Horse Act, and a prior state directive that was allegedly issued and rescinded. ECF No. 39 at 6–7. According to Plaintiffs, inclusion of these materials is necessary to determine whether the BLM's decision not to prepare an HMAP for the 2022 Gather was arbitrary or capricious. *Id.* at 7. Defendants counter that Plaintiffs fail to meet their burden of establishing that documents the BLM considered were not included in the record. ECF No. 41 at 9. Instead, Defendants contend, Plaintiffs speculate regarding the existence of a prior state directive and otherwise request deliberative materials, which are categorically excluded from the Administrative Record. *Id.*

Motions to complete the Administrative Record may be granted when an agency fails to submit the "whole record." *See* 5 U.S.C. § 706 ("the court shall review the whole record or those parts of it cited by a party"). The "whole" Administrative Record "consists of all documents and materials directly or indirectly considered by agency decision-makers," which includes evidence contrary to the agency's position. *Thompson v. U.S. Dep't of Lab.*, 885 F.2d 551, 555 (9th Cir. 1989) (emphasis and citation omitted). Parties seeking to expand the scope of review bear a "heavy burden to show that the additional materials sought are necessary to adequately review" an agency's decision. *Fence Creek Cattle Co. v. U.S. Forest Serv.*, 602 F.3d 1125, 1131 (9th Cir. 2010).

An agency's proffered Administrative Record is "entitled to a presumption of completeness" that Plaintiffs must rebut with clear evidence. *Thompson*, 885 F.2d at 555. To meet this standard, Plaintiffs must "identify the allegedly omitted materials with sufficient

3

specificity and identify reasonable, nonspeculative grounds for the belief that the documents were considered by the agency and not included in the record." *California v. U.S. Dep't of Homeland Sec.*, 612 F. Supp. 3d 875, 884 (N.D. Cal. 2020) (citation omitted).

Here, Plaintiffs fail to meet their "heavy burden." Although Plaintiffs identify allegedly omitted materials, they fail to show that such materials are necessary to adequately review the BLM's decision not to prepare an HMAP for the 2022 Gather. *Fence Creek Cattle Co.*, 602 F.3d at 1131. As Defendants correctly point out, because the BLM does not dispute that it did not prepare an HMAP, review of the agency decision is a purely *legal* question, not a factual one. *See* ECF No. 41 at 17. Because "the Court must simply make a call on the law," inclusion of the identified materials would not aid the Court in determining whether the BLM was required to prepare an HMAP—it can make such a determination based on the existing Administrative Record. *Leigh, et al., v. Raby, et al.*, Case No. 3:22-cv-00034-MMD-CLB, ECF No. 54 (hereinafter "*Leigh* Order") at 5. Given this, Plaintiff's request to complete the record is denied.

The Court also notes that Plaintiffs solely seek deliberative materials (and/or a privilege log) related to preparation of an HMAP. As discussed above, that is a purely legal issue. Thus, the Court's decision regarding completion of the Administrative Record does not hinge on resolution of the parties' arguments regarding the inclusion or exclusion of deliberative materials (or a privilege log). The Court notes that the trend in this District has been to permit deliberative materials and require a privilege log (so long as plaintiffs rebut the presumption of completeness), rather than categorically exclude deliberative materials as some courts do in other circuits. *See, e.g.*, *Bartell Ranch LLC v. McCullough,* No. 321CV00080MMDCLB, 2021 WL 6118738, at *3 (D. Nev. Dec. 27, 2021) (citing *Ksanka Kupaqa Xa'lcin v. United States Fish & Wildlife Serv.*, Case No. CV 19-20-M-DWM, 2020 WL 4193110 (D. Mont. Mar. 9, 2020)); *Leigh* Order. Thus, under a separate set of circumstances, such as those in *Bartell Ranch* and the *Leigh* Order, the production of deliberative materials (and/or a privilege log) may have been appropriate. *See Bartell Ranch*, 2021 WL 6118738, at *3; *Leigh* Order at 4.

**B.   Supplementation is unnecessary for Plaintiffs' HMAP-based claims, but is permitted for their First Amendment claim**

Plaintiffs seek supplementation of the Administrative Record for their failure-to-act claim, their mandamus claim, and their First Amendment claim, arguing that the Court is permitted to consider extra-record evidence in support of non-APA claims. ECF No. 39 at 8-12. Defendants respond that supplementing the record would allow the Court to apply different standards of review to the same set of facts—as the Court could engage in *de novo*, extra-record review of Plaintiffs' first and second causes of action, but would be confined to the Administrative Record in determining whether the BLM's action was arbitrary and capricious for their APA claims based on the same facts and allegations—and that Plaintiffs have failed to establish the circumstances in which courts look beyond the Administrative Record in non-APA claims. ECF No. 41 at 15–16, 17–18.

For their failure-to-act claim, Plaintiffs request documents, directives, memoranda, and communications regarding the BLM's decision not to prepare an HMAP for the Blue Wing Complex and the policies and practices surrounding its duty to prepare HMAPs. ECF No. 39 at 10. Plaintiffs cite to cases that permit supplementation of the Administrative Record in failure-to-act claims because there is "no final agency action to demarcate the limits of the record." *See, e.g.*, *Friends of the Clearwater v. Dombeck*, 222 F.3d 552, 560 (9th Cir. 2000). In these cases, courts have allowed supplementation of the Administrative Record because judicial review was difficult—if not impossible—because the agency's inaction left such little of a record to review. *See, e.g.*, *S.F. BayKeeper v. Whitman*, 297 F.3d 877, 886 (9th Cir. 2002).

But such is not the case here. As discussed in Section II.A, *supra*, the HMAP-related claims solely concern a question of law (as to which the Court need not consider extra-record evidence). *See Leigh* Order at 5. Allowing supplementation for these claims would cause the Court to "apply different standards of review to different claims, even though they are premised on the same theory of violation." *Dallas Safari Club v. Bernhardt*, 518 F. Supp. 3d 535, 538–39 (D.D.C. 2021). And unlike Plaintiffs' cited cases, here there *was* a final agency decision to not

5

prepare an HMAP—which Defendants do not dispute—that is adequately documented in the existing Administrative Record. Because Plaintiffs' mandamus claim likewise relates to the BLM's decision not to prepare an HMAP, the Court rejects Plaintiffs' request to supplement the Administrative Record. *Leigh* Order at 5.

However, unlike the failure-to-act and mandamus claims, Plaintiffs' First Amendment claim does not "fundamentally overlap" with their APA claims. The Court "may consider evidence outside the Administrative Record for the limited purposes of reviewing" a non-APA claim. *W. Watersheds Project v. Kraayenbrink*, 632 F.3d 472, 497 (9th Cir. 2011). Though Defendants contend that such relief should be denied because the 2022 Gather serves as a "common factual nexus," ECF No. 41 at 21–22, the Court finds this argument unpersuasive. Plaintiffs correctly note that their First Amendment claim surrounds the BLM's alleged restrictions on Plaintiffs' viewing of the 2022 Gather, whereas their APA claims stem from the BLM's decision not to prepare an HMAP. *See* ECF No. 43 at 7–8. When the factual allegations of APA claims and non-APA claims are different, the claims do not fundamentally overlap. *California*, 612 F. Supp. 3d at 897. As such, the Court will permit Plaintiffs to supplement the record with their requested materials, which include (1) communications regarding public access to the 2022 Gather; (2) reports, policies, protocols, and press releases regarding historical public access; (3) contracts and communications within the agency or with third parties regarding facility placement and public access; (4) photos, videos, and audio submitted regarding the 2022 Gather; and (5) witness testimony regarding public access and historical access.

### III.   CONCLUSION

**IT IS THEREFORE ORDERED** that Plaintiffs' motion is DENIED in part and GRANTED in part.

**IT IS THEREFORE ORDERED** that Plaintiffs' request to complete the Administrative Record is DENIED.

**IT IS FURTHER ORDERED** that Plaintiffs' request for Defendants to produce a privilege log is DENIED.

1    **IT IS FURTHER ORDERED** that Plaintiffs' request to supplement the Administrative
2    Record is DENIED as to their failure-to-act and mandamus claims.
3    **IT IS FURTHER ORDERED** that Plaintiffs' request to supplement the Administrative
4    Record is GRANTED with respect to their First Amendment claim.

6    DATED this 22nd day of September 2023.

_____
BRENDA WEKSLER
UNITED STATES MAGISTRATE JUDGE