TODD KIM, Assistant Attorney General
United States Department of Justice
Environment and Natural Resources Division
MICHELLE M. SPATZ, Trial Attorney
FRANCES B. MORRIS, Trial Attorney
P.O. Box 7611, Ben Franklin Station
Washington, D.C. 20044-7611
(202) 598-9741 (Spatz)
(202) 514-2855 (Morris)
michelle.spatz@usdoj.gov
frances.morris@usdoj.gov

*Attorneys for Federal Defendants*

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEVADA**

| | |
|---|---|
| CANA FOUNDATION, a non-profit corporation, LAURA LEIGH, individually, and WILD HORSE EDUCATION, a non-profit corporation, <br><br> *Plaintiffs*, <br><br> v. <br><br> UNITED STATES DEPARTMENT OF THE INTERIOR, BUREAU OF LAND MANAGEMENT, and JON RABY, Nevada State Director of the Bureau of Land Management, <br><br> *Federal Defendants.* | Case No. 2:22-cv-01200-CDS-BNW <br><br> **FEDERAL DEFENDANTS' RESPONSE TO PLAINTIFFS' MOTION FOR JUDICIAL NOTICE** |

**TABLE OF CONTENTS**

**PAGE**

INTRODUCTION ..................................................................................................................1

ARGUMENT.........................................................................................................................2

    I.    Plaintiffs have waived their judicial notice arguments....................................................2

    II.   The Court has already held that photos and videos from the 2022 gather may be considered for the limited purpose of supporting Plaintiffs' First Amendment claim.....4

    III.  Plaintiffs are free to cite Federal Register publications in their merits brief. ................5

    IV.  The burro autopsy data from Plaintiffs' FOIA requests is not properly subject to judicial notice..................................................................................................................5

CONCLUSION.....................................................................................................................12

**TABLE OF AUTHORITIES**

**CASES**                       **PAGE**

*All. for Wild Rockies v. Probert*,
   412 F. Supp. 3d 1188 (D. Mont. 2019) ............................................................................. 11

*Animal Def. Council v. Hodel*,
   840 F.2d 1432 (9th Cir. 1988) ......................................................................................... 16

*BankAmerica Pension Plan v. McMath*,
   206 F.3d 821 (9th Cir. 2000) ............................................................................................. 8

*City of Sausalito v. O'Neill*,
   386 F.3d 1186 (9th Cir. 2004) ......................................................................................... 12

*Dreibelbis v. Scholton*,
   274 F. App'x 183 (3d Cir. 2008) ....................................................................................... 8

*Est. of Fuller v. Maxfield & Oberton Holdings, LLC*,
   906 F. Supp. 2d 997 (N.D. Cal. 2012) ............................................................................. 12

*Fla. Power & Light Co. v. Lorion*,
   470 U.S. 729 (1985) ......................................................................................................... 10

*Great Basin Mine Watch v. Hankins*,
   456 F.3d 955 (9th Cir. 2006) ........................................................................................... 16

*Lands Council v. Powell*,
   395 F.3d 1019 (9th Cir. 2005) ........................................................................... 10, 15, 16

*Leigh v. Salazar*,
   677 F.3d 892 (9th Cir. 2012) ........................................................................................... 13

*Leigh v. Salazar*,
   954 F. Supp. 2d 1090 (D. Nev. 2013) ............................................................................. 13

*Madison Servs. v. United States*,
   92 Fed. Cl. 120 (Fed. Cl. 2010) ....................................................................................... 16

*Murakami v. United States*,
   46 Fed. Cl. 731 (Fed. Cl. 2000) ....................................................................................... 11

*Ninilchik Traditional Council v. United States*,
   227 F.3d 1186 (9th Cir. 2000) ......................................................................................... 10

*Rybachek v. EPA*,
    904 F.2d 1276 (9th Cir. 1990) .................................................................................. 11

*San Luis & Delta-Mendota Water Auth. v. Jewell*,
    747 F.3d 581 (9th Cir. 2014) .................................................................................... 10

*Sierra Club v. Clinton*,
    746 F. Supp. 2d 1025 (D. Minn. 2010) ..................................................................... 11

*United States v. Carlo Bianchi & Co.*,
    373 U.S. 709 (1963) .................................................................................................. 10

*Vt. Yankee Nuclear Power Corp. v. Nat. Res. Def. Council*,
    435 U.S. 519 (1978) .................................................................................................. 15

*Wilson v. Comm'r of Internal Revenue*,
    705 F.3d 980 (9th Cir. 2013) .................................................................................... 10

**REGULATIONS**

43 C.F.R. § 4700 ................................................................................................................ 9

**FEDERAL REGISTER**

49 Fed. Reg. 49,252 (Dec. 18, 1984) ................................................................................. 9

51 Fed. Reg. 7,410 (Mar. 3, 1986) ..................................................................................... 9

56 Fed. Reg. 786 (Jan. 9, 1991) ......................................................................................... 9

**INTRODUCTION**

Plaintiffs' Motion for Judicial Notice, ECF No. 51 ("Pls.' Mot."), should be denied because, as an initial matter, Plaintiffs waived their judicial notice arguments by not raising them at the time designated in the Court's scheduling order, which provided a deadline for Plaintiffs to "file a motion to resolve any dispute regarding the completeness of the Administrative Record, the applicability of any exceptions to record review, *and/or the need for judicial review of extra-record materials*." ECF No. 38 at 2 (emphasis added). Indeed, after attempting to resolve the record-related issues that Plaintiffs did raise at the appropriate time, the parties agreed that the Court should "vacate the summary judgment briefing schedule . . . until the parties' record dispute [was] resolved." ECF 35 at 2. Plaintiffs did not raise any of their current judicial notice arguments in the motion that they filed on March 16, 2023, regarding the parties' record disputes, which the Court resolved on September 22, 2023. ECF Nos. 39, 47. It was not until nine months after their initial motion, and three months after the Court's ruling intended to resolve all record-related disputes, that Plaintiffs filed the current motion requesting judicial notice of extra-record materials for the first time. ECF No. 51. The Court should reject Plaintiffs' attempt to raise new record-related issues in disregard of the parties' previous agreements and the Court's orders.

Even if Plaintiffs had not waived their judicial notice arguments, their motion should be denied. The documents that Plaintiffs request the Court to take judicial notice of fall into three categories. For two of those categories, Plaintiffs' motion is superfluous as there was no need to make such a request. Plaintiffs could have cited Federal Register notices in their merits brief without a judicial notice motion, and the Court has already held that Plaintiffs could rely on photos and videos from the 2022 wild horse and burro gather. *See* ECF No. 49 at 2 ("[F]or the limited purpose supporting/opposing Plaintiffs' Sixth Cause of Action (First Amendment), the

parties may rely on [photos and videos from the 2022 gather] in their summary judgment briefing and are otherwise restricted to the Administrative Record[.]"). With respect to the third category of documents, consisting of a veterinary report and certain autopsy data, Plaintiffs' request should be denied because it flouts the basic principles of record review under the Administrative Procedure Act ("APA"). None of the Ninth Circuit's exceptions to record review apply to these documents, nor are any of the documents relevant to Plaintiffs' claims.

## ARGUMENT

### I. Plaintiffs have waived their judicial notice arguments.

From the outset of this case, through a series of joint motions, the parties specifically built time into the case management schedule to resolve issues over the administrative record or the need for judicial review of extra-record materials *prior* to briefing the merits of the case. Plaintiffs' current motion for judicial notice of extra-record materials disregards the parties' previous agreements and the Court's corresponding orders, including the following:

- October 5, 2022 (ECF No. 31): In a joint motion to set a scheduling order, the parties proposed that, after Federal Defendants lodged the administrative record, Plaintiffs would have 16 days to notify Federal Defendants "whether they believe the Administrative Record is complete or requires supplementation with additional materials, whether they believe any exceptions to record review are applicable, and/or **whether they believe there is a need for judicial review of extra- record materials**." *Id.* (emphasis added).

- Per the joint proposal, if there was "a dispute over any of these issues," the parties would have three weeks to "negotiate a resolution," then inform the Court whether they intended to: (a) proceed with summary judgment briefing; or (b) litigate any unresolved record issues (in which case, "the parties agree[d] that briefing on summary judgment . . . should not proceed until disputes over the content of the record are resolved"). *Id.*

- October 7, 2022 (ECF No. 33): The Court entered the parties' requested order.

- February 24, 2023 (ECF No. 35): The parties informed the Court that, as a result of their attempts to resolve any disputes over the record: (1) Federal Defendants planned to file an Amended Administrative Record, adding certain documents; and (2) Plaintiffs would file a motion to resolve any outstanding "dispute regarding the completeness of the Administrative Record, the applicability of any exceptions to record review, **and/or the**

**need for judicial review of extra-record materials**." *Id.* (emphasis added). The parties requested that the Court vacate the summary judgment briefing schedule until their record-related dispute was resolved, proposing that they "file a joint motion to reset the summary judgment briefing schedule within 14 days of either a Court order on Plaintiffs' record motion or any resolution reached by the parties." *Id.*

- March 14, 2023 (ECF No. 38): The Court entered the parties' requested order.

- March 16, 2023 (ECF No. 40): Federal Defendants filed an amended administrative record, with certain additional documents included.

- March 16 to April 14, 2023 (ECF Nos. 39, 41, 43): The parties completed briefing on Plaintiffs' motion to complete and supplement the administrative record with multiple categories of documents, ECF No. 39.

- September 22, 2023 (ECF No. 47): The Court entered an order denying all aspects of Plaintiffs' motion to complete and supplement the administrative record, with the exception of allowing the record to be supplemented for Plaintiffs' First Amendment claim with certain types of materials listed in the Court's order. *Id.* at 6.

- September 27, 2023 (ECF No. 49): The Court granted the parties' joint request to reset the summary judgment briefing schedule and included the following language in its order: "Per the Court's September 22, 2023 Order. . . **for the limited purpose supporting/opposing Plaintiffs' Sixth Cause of Action (First Amendment), the parties may rely on the below-listed extra-record materials in their summary judgment briefing** *and are otherwise restricted to the Administrative Record*." *Id.* (emphasis added).

If Plaintiffs sought judicial notice of extra-record materials, they should have raised that issue to Federal Defendants by the February 3, 2023 deadline to "notify Federal Defendants whether they believe . . . there is a need for judicial review of extra-record materials." ECF No. 33 at 2. And, if the parties were unable to resolve it, they should have filed a motion by the March 17, 2023 deadline to file any motions over the "the need for judicial review of extra-record materials." *Id.*

Instead, Plaintiffs have disregarded the clear agreement of the parties and the Court's orders and have improperly put extra-record materials before the Court in the midst of summary judgment briefing. Because Plaintiffs failed to raise their judicial notice arguments by the appropriate deadline(s), their arguments are waived and their motion should be dismissed. *See*,

*e.g., BankAmerica Pension Plan v. McMath*, 206 F.3d 821, 826 (9th Cir. 2000) (finding that "[a] party abandons an issue when it has a full and fair opportunity to ventilate its views with respect to an issue" but chooses not to); *Dreibelbis v. Scholton*, 274 F. App'x 183, 185 (3d Cir. 2008) (concluding that argument was waived where the party had "ample opportunity to make [the] argument . . . and failed to do so").

>   II.  **The Court has already held that photos and videos from the 2022 gather may be considered for the limited purpose of supporting Plaintiffs' First Amendment claim.**

In Sections "A" and "B" of Plaintiffs' motion, they request that the Court take judicial notice of: (A) "two photographs taken by Laurie Ford in August of 2022 at the gather operations in the Blue Wing Complex"; and (B) "two screen captures taken by Laurie Ford from video footage she took . . . at the gather operations in August of 2022 at the Blue Wing Complex." Pls.' Mot. at 4.

These materials—which Plaintiffs also attached to their summary judgment brief, *see* ECF No. 50-2, Exs. 1-2—fall within the categories of materials that the Court has held Plaintiffs may rely on in support of their First Amendment claim. *See* ECF No. 47 ("[T]he Court will permit Plaintiffs to supplement the record with . . . photos, videos, and audio . . . regarding the 2022 Gather[.]"). Indeed, the parties previously agreed that, "[p]er the Court's [Order]—denying Plaintiffs' requests to complete and supplement the administrative record with respect to all claims, with the exception of Plaintiffs' First Amendment claim . . . they may rely on extra-record materials in their summary judgment briefing for the limited purpose of supporting/opposing Plaintiffs' [First Amendment claim], so long as the materials fall into one of the categories of permissible materials identified in the Court's Order." ECF No. 48. *See also* ECF No. 49 (Court Order permitting the parties to rely on those categories of materials in their summary judgment briefing "for the limited purpose [of] supporting/opposing Plaintiffs' Sixth

Cause of Action", and otherwise restricting the parties to the administrative record).

Thus, Plaintiffs' motion is unnecessary on this issue and there is no need for the Court to take judicial notice of these materials (which are already attached to and referenced in Plaintiffs' motion for summary judgment).

### III. Plaintiffs are free to cite Federal Register publications in their merits brief.

In Sections "G" through "K" of Plaintiffs' motion, they request that the Court take judicial notice of: (G) Lexis annotation "notes applicable to 43 C.F.R. §4700 et seq., which regulations were created by [the Bureau of Land Management ("BLM")] to implement the [Wild Horse Act]"; (H) a Federal Register publication, 51 Fed. Reg. 7410 (Mar. 3, 1986), which "addresses BLM's final rulemaking for revisions to 43 C.F.R. §4700 et seq."; (I) a Federal Register publication, 56 Fed. Reg. 786 (Jan. 9, 1991), which "addresses the 1991 amendments to BLM's regulations"; (J) "BLM regulations . . . prior to adoption of the current regulations," 43 C.F.R. §4700 et seq. (1985); and (K) a Federal Register publication, 49 Fed. Reg. 49252 (Dec. 18, 1984), proposing changes to BLM regulations. Pls.' Mot. at 6-7.

Again, Plaintiffs' motion for judicial notice is superfluous for this category of documents. While Federal Defendants maintain that the statutes and regulations at issue in this case are unambiguous and it is therefore unnecessary for the Court to turn to these materials, *see* ECF No. 60 at 14-21, Plaintiffs are free to cite the law and relevant rulemaking documents, including Federal Register rules and regulatory history, in their merits brief. (And, indeed, Plaintiffs have cited each of these materials in their motion for summary judgment, *see* ECF No. 50 at 25.)

### IV. The burro autopsy data from Plaintiffs' FOIA requests is not properly subject to judicial notice.

In Sections "C" through "F" of Plaintiffs' motion, they request that the Court take judicial notice of: (C) a spreadsheet of autopsy data for "burros gathered in the Blue Wing Complex in

FED. DEFS.' RESP. TO PLS.' MOT. FOR JUDICIAL NOT.                                      5

August of 2022 and shipped to Axtell Off Range Holding Corrals"; (D) a spreadsheet of autopsy data for burros from "the 2020 Selenite Range [Herd Area] nuisance gather, which occurred within the Blue Wing Complex on 11/29/20"; (E) a spreadsheet of autopsy data for burros from "the 2022 gather at the Sinbad [Herd Management Area]"; and (F) a veterinary report on an autopsy done on one burro from "the 2022 gather at the Sinbad [Herd Management Area.]" Pls.' Mot. at 4-6.

      Plaintiffs' request for judicial notice of these materials is an improper attempt to circumvent the APA's record review principles and should be denied. Under the APA, the scope of a court's review of federal agencies' administrative actions is confined to the administrative record. *United States v. Carlo Bianchi & Co.*, 373 U.S. 709, 709-15 (1963); *Ninilchik Traditional Council v. United States*, 227 F.3d 1186, 1193-94 (9th Cir. 2000) (holding that APA review standards apply unless a statute expressly indicates a contrary intent). This is because, "[w]ere the federal courts routinely or liberally to admit new evidence when reviewing agency decisions, it would be obvious that the federal courts would be proceeding, in effect, de novo rather than with the proper deference to agency processes, expertise, and decision-making." *Lands Council v. Powell*, 395 F.3d 1019, 1030 (9th Cir. 2005); *see also Wilson v. Comm'r of Internal Revenue*, 705 F.3d 980, 997 n.3 (9th Cir. 2013). Accordingly, the "focal point for judicial review [of agency action] should be the administrative record already in existence, not some new record made initially in the reviewing court." *Fla. Power & Light Co. v. Lorion*, 470 U.S. 729, 743 (1985) (citation omitted); *San Luis & Delta-Mendota Water Auth. v. Jewell*, 747 F.3d 581, 602 (9th Cir. 2014) ("Our review is limited to "the administrative record already in existence[.]'") (citation omitted).

      Plaintiffs' request for judicial notice in this case is, in effect, a request to supplement the

record with extra-record materials. As an initial matter, this request flouts the Court's September 22, 2023 Order which identified limited categories of extra-record materials that Plaintiffs may rely on for their First Amendment claim and otherwise denied Plaintiffs' motion to complete and supplement the record. ECF No. 47. The spreadsheets of autopsy data and veterinarian report that Plaintiffs seek judicial notice of, notably, do no not fall into any of the categories of materials that the Court identified in its September 22, 2023 Order.[1]

Moreover, Plaintiffs' request for judicial notice of these materials improperly seeks to have the Court expand its scope of review beyond the administrative record. *See Rybachek v. EPA*, 904 F.2d 1276, 1296 n.25 (9th Cir. 1990) (construing a request for judicial notice as a motion to supplement the record and rejecting the motion because "[j]udicial review of agency actions should generally be confined to the original record upon which the actions were based") (citations omitted); *All. for Wild Rockies v. Probert*, 412 F. Supp. 3d 1188, 1198 (D. Mont. 2019) (A "party cannot circumvent the rules governing record supplementation by asking for judicial notice rather than supplementation.") (citation omitted); *see also Sierra Club v. Clinton*, 746 F. Supp. 2d 1025, 1035-36 (D. Minn. 2010) (denying request to take judicial notice of a document outside the relevant administrative record in a National Environmental Policy Act ("NEPA") case); *Murakami v. United States*, 46 Fed. Cl. 731, 739 (Fed. Cl. 2000) ("[D]iscretion to take judicial notice must be exercised sparingly lest Rule 201 [allowing judicial notice] be wielded to create an exception that would envelop the established procedures for conducting arbitrary and capricious review."). Plaintiffs should not be permitted to evade the principles of record review

---

[1] These categories included: "(1) communications regarding public access to the 2022 Gather; (2) reports, policies, protocols, and press releases regarding historical public access; (3) contracts and communications within the agency or with third parties regarding facility placement and public access; (4) photos, videos, and audio submitted regarding the 2022 Gather; and (5) witness testimony regarding public access and historical access." ECF No. 47 at 6.

and bypass the proper scope of review for their claims.

Even if this were not a record review case, Plaintiffs' judicial notice motion should be denied because the autopsy data the Plaintiffs seek judicial notice of is not relevant to the merits of Plaintiffs' claims. *See City of Sausalito v. O'Neill*, 386 F.3d 1186, 1223 n.2 (9th Cir. 2004) (declining to take judicial notice where the proffered evidence would "have no legal significance" in the case); *Est. of Fuller v. Maxfield & Oberton Holdings, LLC*, 906 F. Supp. 2d 997, 1004 (N.D. Cal. 2012) (denying request for judicial notice where the movant failed to explain the proffered evidence's relevance). Plaintiffs claim that the spreadsheets and veterinary report (which all pertain to burro autopsies) are relevant to their First Amendment claim and NEPA claim. Pls.' Mot. at 4-6. But the proffered documents are not relevant to either of these claims.

Plaintiffs' First Amendment claim (Sixth Cause of Action) alleges that Federal Defendants have "interfered with Plaintiffs' protected right under the First Amendment by refusing them access to the gather, holding, and shipment operations" for the August 2022 gather of wild horses and burros on the Blue Wing Complex. *See* ECF No. 24 (Amended Complaint) ¶ 165; ECF No. 50 at 40-42 (arguing that Plaintiffs' First Amendment rights were violated because public observation sites for the August 2022 gather did not provide an adequate view of the gather and because public access was not provided to the short-term holding facilities housing the burros after the gather). As discussed in Federal Defendants' cross-motion for summary judgment, the Ninth Circuit has held that, in order to determine whether the public has a "qualified right of access" to observe wild horse and burro gathers and holding facilities, courts must determine: (1) "whether the place and process have historically been open to the press and general public"; and (2) "whether public access plays a significant positive role in the functioning

of the particular process in question." *Leigh v. Salazar*, 677 F.3d 892, 898 (9th Cir. 2012) (citation omitted).[2] The burro autopsy documents for which Plaintiffs seek judicial notice have no bearing on these questions. And, even if the documents generally addressed whether the public has a First Amendment right to access a privately owned holding facility (which they do not), three of the four documents are plainly irrelevant to this case:

> (1) The spreadsheet identified in section "D" of Plaintiffs' motion provides autopsy data on burros gathered during the "2020 Selenite Range [Herd Area] nuisance gather." Pls.' Mot. at 5. This gather was conducted two years before the 2022 Blue Wing Complex gather at issue in this case. Further, the proffered document indicates that the burros from this gather were held at Palomino Valley Wild Horse and Burro Center, a *public* holding facility to which members of the public have access *See* ECF No. 51-2, at Ex. 4. In other words, the burros were not held at the privately owned Axtell Off Range Holding Corral at issue in Plaintiffs' First Amendment claim. *See* ECF No. 24 ¶ 165; ECF No. 50 at 40-42.

> (2) The spreadsheet identified in section "E" of Plaintiffs' motion provides autopsy data on burros gathered during the "2022 gather at the Sinbad [Herd Management Area]." Pls.' Mot. at 5. This gather was not conducted under the Blue Wing Complex gather plan challenged in this case. Indeed, it was not even in the same state. It took place in Utah, approximately 400 miles away.

> (3) The veterinary report identified in section "F" of Plaintiffs' motion provides an autopsy report on a single burro that was also gathered during the "2022 gather at the Sinbad [Herd Management Area]." Pls.' Mot. at 6. In other words, the one burro that this proffered document pertains to was also gathered in a different state under a separate gather plan that is not at issue in this case.

But even the one document which appears to contain autopsy data from burros that were gathered during the 2022 Blue Wing Complex gather and kept at the holding facility at issue in Plaintiffs' First Amendment claim (the spreadsheet identified in section "C" of Plaintiffs' motion) is irrelevant. Pls.' Mot. at 4-5. Nothing about the proffered document speaks to the level

---

[2] In addressing the first question, the District of Nevada has held that holding corrals located on private land have, historically, "not been open to the press and general public, and, as such, no qualified right of access arises." *Leigh v. Salazar*, 954 F. Supp. 2d 1090, 1104 (D. Nev. 2013) (citation omitted).

FED. DEFS.' RESP. TO PLS.' MOT. FOR JUDICIAL NOT.                                                              9

of public access that was or was not provided during the 2022 gather or at any holding facility, or to the level of public access that has been provided historically.[3] The Court should also reject Plaintiffs' contention that the documents are relevant because they "support[] Plaintiffs' concern that [] BLM's denial of access to the Corrals is being done for an improper reason." Pls.' Mot. at 5. Plaintiffs fail to point to any authority indicating that their (unsupported) "concern" over a bad faith motive speaks to the First Amendment issue. And, in any event, the proffered autopsy documents do nothing to illuminate intent or motive. Rather, the record reflects that the temporary holding corrals and the Axtell Off Range holding facility are simply located on private property where the property-owner has elected not to open the facilities to the public. *See* Declaration of Garrett W. Swisher, ECF No. 60-1, ¶¶ 20, 22.

Plaintiffs fare no better with their argument that the autopsy documents are "relevant to Plaintiffs' Fifth Cause of Action based on NEPA because [they] demonstrate[] new data exists to warrant a new Gather [Environmental Assessment] or supplementation of the 2017 Gather [Environmental Assessment]." Pls.' Mot. at 5. Not only did Plaintiffs waive their right to supplement the administrative record to support their NEPA claim (which is, in essence, what Plaintiffs seek to do), the autopsy documents are irrelevant anyway. In their Fifth Cause of Action (NEPA claim), Plaintiffs allege that:

> BLM violated NEPA when it failed to analyze the significant environmental impacts of removing wild horses from the Blue Wing Complex as alleged herein, including by failing to analyze (1) alternative methods of habitat management, such as rewilding

---

[3] This Court's September 22, 2023 Order on the parties' record dispute was particularly instructive on what types of materials may speak to these issues: "(1) communications regarding public access to the 2022 Gather; (2) reports, policies, protocols, and press releases regarding historical public access; (3) contracts and communications within the agency or with third parties regarding facility placement and public access; (4) photos, videos, and audio submitted regarding the 2022 Gather; and (5) witness testimony regarding public access and historical access." ECF No. 47 at 6.

FED. DEFS.' RESP. TO PLS.' MOT. FOR JUDICIAL NOT.                                          10

> and retiring livestock grazing allotments and licenses; (2) population control, including managing to preserve rare genetic lines of wild horse and burro breeds; (3) adjustment of the Appropriate Management Levels that were last evaluated in 1999; and (3) significant environmental impacts of removing the vast majority of the wild horses and burros on the range.

ECF No. 24 ¶ 158. Notably, nowhere in their complaint do Plaintiffs allege that BLM had a duty to supplement its Environmental Assessment or issue a new one based on new data. Indeed, if this claim had been asserted, it likely would have involved a different administrative record that would provide a fuller picture of the data that Plaintiffs now attempt to excerpt and put before this Court. In other words, even if Plaintiffs had not waived this record issue, the post-decisional autopsy documents are not relevant to Plaintiffs' NEPA claim. *See Vt. Yankee Nuclear Power Corp. v. Nat. Res. Def. Council*, 435 U.S. 519, 555 (1978) (Judicial review is limited to the documents that were considered at the time the agencies' decisions were made.).

Finally, even if Plaintiffs' proffered materials were appropriate for the Court to take judicial notice of (they are not), Plaintiffs cannot demonstrate that each document meets an exception to the record review rule. The Ninth Circuit has identified four narrowly circumscribed exceptions to record review:

> In limited circumstances, district courts are permitted to admit extra-record evidence: (1) if admission is necessary to determine "whether the agency has considered all relevant factors and has explained its decision," (2) if "the agency has relied on documents not in the record," (3) "when supplementing the record is necessary to explain technical terms or complex subject matter," or (4) "when plaintiffs make a showing of agency bad faith."

*Lands Council*, 395 F.3d at 1030 (citation omitted). Courts are insistent that a party seeking to avail itself of one of the exceptions must show not only that one of the exceptions apply, but also that the agency's administrative record is inadequate to allow for effective judicial review. *Animal Def. Council v. Hodel*, 840 F.2d 1432, 1436-38 (9th Cir. 1988). Here, Plaintiffs have not

shown—nor even made any attempt to show—that any of the exceptions apply or that the administrative record is inadequate. Nor do any of the exceptions apply. *Lands Council*, 395 F.3d at 1030. Plaintiffs' motion for judicial notice should therefore be denied. *Great Basin Mine Watch v. Hankins*, 456 F.3d 955, 975-76 (9th Cir. 2006) (affirming denial of judicial notice where no record review exception applied); *Madison Servs. v. United States*, 92 Fed. Cl. 120, 130 n.6 (Fed. Cl. 2010) (noting that while a "report may qualify for judicial notice . . . this does not exempt plaintiff from having to meet the independent requirements for supplementation of the administrative record").

## CONCLUSION

For these reasons, the Court should deny Plaintiffs' Motion for Judicial Notice.

Respectfully submitted this 8th day of March, 2024.

> TODD KIM, Assistant Attorney General
>
> /s/ Michelle M. Spatz
> Michelle M. Spatz, Trial Attorney
> D.C. Bar No. 1044400
> United States Department of Justice
> Environment & Natural Resources Division
> Wildlife & Marine Resources Section
> P.O. Box 7611
> Washington, D.C. 20044-7611
> (202) 598-9741
> michelle.spatz@usdoj.gov
>
> */s/ Frances B. Morris*
> FRANCES B. MORRIS
> Trial Attorney
> United States Department of Justice
> Environment & Natural Resources Division
> Natural Resources Section
> P.O. Box 7611
> Washington, DC 20044-7611
> (202) 514-2855
> frances.morris@usdoj.gov

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on March 8, 2024, I filed the foregoing Response to Plaintiffs' Motion for Judicial Notice electronically through the CM/ECF system, which caused all parties or counsel of record to be served by electronic means, as more fully reflected on the Notice of Electronic Filing.

/s/ *Michelle M. Spatz*
Michelle M. Spatz
U.S. Department of Justice