DANIELLE M. HOLT
(Nevada Bar No. 13152)
DE CASTROVERDE LAW GROUP
1149 S Maryland Pkwy
Las Vegas, NV 89104
Ph (702) 222-9999
Fax (702) 383-8741
danielle@decastroverdelaw.com

JESSICA L. BLOME
(Cal. Bar No. 314898, admitted pro hac vice)
JENNIFER RAE LOVKO
(Cal. Bar No. 208855, admitted pro hac vice)
GREENFIRE LAW, PC
2748 Adeline Street, Suite A
Berkeley, CA 94703
(510) 900-9502
jblome@greenfirelaw.com
rlovko@greenfirelaw.com

Attorneys for Plaintiffs

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEVADA**

| | |
|---|---|
| CANA FOUNDATION, a non-profit corporation, LAURA LEIGH, individually, and WILD HORSE EDUCATION, a nonprofit corporation,<br><br>*Plaintiffs*,<br><br>v.<br><br>UNITED STATES DEPARTMENT OF THE INTERIOR, BUREAU OF LAND MANAGEMENT, and JON RABY, Nevada State Director of the Bureau of Land Management,<br><br>*Defendants*. | Case No. 2:22-cv-01200-CDS-BNW<br><br>**REPLY IN SUPPORT OF PLAINTIFFS' MOTION FOR JUDICIAL NOTICE (ECF 51)** |

1

I. INTRODUCTION

Plaintiffs' Motion for Judicial Notice seeks three categories of documents: (1) photographs and video screen captures of the August 2022 gather operations in the Blue Wing Complex, (2) historic Federal Register and Code of Regulations publications, and (3) documents produced by BLM in response to Freedom of Information Act requests. This motion should be granted as the documents are relevant and not subject to reasonable dispute.

II. ARGUMENT

    a. **Photographs and Video Screen Captures of the August 2022 Gather Operations**

Sections "A" and "B" of Plaintiffs' motion seeks judicial notice of photographs and video screen captures taken by Laurie Ford in August of 2022 at the gather operations in the Blue Wing Complex. *See* ECF 51. Defendants state that judicial notice of these documents is not required because the Court previously ruled that Plaintiffs can rely on photographs and videos in support of their First Amendment claim. *See* ECF 62 at p. 8. Defendants otherwise do not object to the documents. Plaintiffs are relying upon this category of documents to support their First Amendment claim. It appears Plaintiffs and Defendants are in agreement that Plaintiffs should be able to rely upon the photographs and video screen captures as evidence in support of Plaintiffs' Motion for Summary Judgment.

    b. **Historic Federal Register and Code of Regulations Publications**

Sections "G" through "K" of Plaintiffs' motion seeks judicial notice of historic Federal Register and Code of Regulations publications. *See* ECF 51. Defendants argue that judicial notice of these documents is not required, but instead, Plaintiffs are free to cite to them in their merits brief. *See* ECF 62 at p. 9. Again, it appears Plaintiffs and Defendants are in agreement that the publications may be relied upon as evidence in support of Plaintiffs' Motion for Summary Judgment. Plaintiffs note, however, that the contents of the Federal Register and of the Code of Federal Regulations may be judicially noticed. *See Crimm v. Mo. P. R. Co.*, 750

F.2d 703, 710 (8th Cir. 1984); *Wei v. Robinson*, 246 F.2d 739, 743 (7th Cir. 1957). Plaintiffs' request also is for the convenience of the Court and all parties because these historic publications are not readily accessible through online legal research services.

### c. Documents Produced by BLM in Response to Freedom of Information Act Requests

Sections "C" through "F" of Plaintiffs' motion requests judicial notice of documents produced by BLM in response to Freedom of Information Act, with Defendants incorrectly asserting that Plaintiffs have waived their judicial notice arguments, and even if they haven't, the documents "improperly seek[] to have the Court expand its scope of review beyond the administrative record." ECF 51, 62.

The four at-issue documents are those which were in BLM's possession and which BLM provided to Plaintiff's burro specialist, Laurie Ford, only after Ms. Ford had made Freedom of Information Act ("FOIA") requests. *See* ECF 51-2. They are identified as Exhibits 3 – 6 as attached to the Declaration of Laurie Ford, which was filed in support of Plaintiff's Motion for Summary Judgment. *See id.*

Exhibit 3 is a spreadsheet that BLM provided to Laurie Ford on May 8, 2023 in response to her FOIA request, FOIA UT-2023-47 DOI-BLM-2023-002860. *See id.* at ¶ 4 and Exhibit 3. The spreadsheet identifies 30 burro deaths (the majority as a result of lipemia/hyperlipidemia) that occurred at the Axtell Off Range Holding Corrals during August – September of 2022. *See id.* These burros had been gathered in the Blue Wing Complex at the Seven Troughs Mountain Range trap site. *See id.*

Exhibit 4 is a spreadsheet that BLM provided to Laurie Ford on March 31, 2023 in response to her FOIA request, FOIA 1278(NV954) BLM-2023-002106. *See id.* at ¶ 5 and Exhibit 4. The spreadsheet identifies 218 burro deaths that occurred in association with the 2020 Selenite Range HA nuisance gather, which is within the Blue Wing Complex. *See id.*

Exhibits 5 and 6 are a spreadsheet and veterinary report that BLM provided to Laurie

Ford on May 15, 2023 in response to her FOIA request, FOIA UT-2023-76 DOI-BLM-2023-004535). *See id.* at ¶¶6-7 and Exhibits 5-6. The spreadsheet identifies 24 burro deaths at the Axtell Off Range Holding Corrals. *See id.* at Exhibit 5. Exhibit 6 reports on the death of a pregnant burro attributable to hyperlipemia. *See id.* at Exhibit 6.

### d. Plaintiffs' Have Not Waived Judicial Notice

On October 5, 2022, the parties filed a Joint Motion to Set Scheduling Order and Expand Page Limits for Summary Judgment Briefing. *See* ECF 31. In that Motion, the parties proposed that any motion to resolves disputes over the Administrative Record or extra-record evidence would be filed no later than March 17, 2023. *See id.* at p. 3:3-14. The Court entered the parties' proposed order on October 7, 2022. *See id.* at ECF 33.

On January 18, 2023, Defendants filed a Notice of Filing the Administrative Record. *See* ECF 34. This filing did not contain any of the documents provided in response to Ms. Ford's FOIA requests. On March 16, 2023, Plaintiffs filed a Motion to Complete and Supplement the Administrative Record, arguing that (1) Defendants must complete the Administrative Record with deliberative materials, and (2) Defendants must supplement the Administrative Record as related to Plaintiffs' APA § 706(1) failure to act claim, mandamus claim, and First Amendment violation claim. *See* ECF 39. At the time that this Motion was filed, <u>BLM had not yet responded to Laurie Ford's FOIA requests</u>. *See* ECF 51-2.

The Court's order on Plaintiff's Motion denied Plaintiffs' request to complete the Administrative Record, denied Plaintiffs' request to supplement the Administrative Record as to their failure-to-act and mandamus claims, and granted Plaintiffs' request to supplement the Administrative Record with respect to the First Amendment claim. *See* ECF 47.

BLM was in possession of the documents which Plaintiffs now request judicial notice of but chose not to disclose them until after the parties had addressed the Administrative Record. The documents were produced to Ms. Ford between March 31, 2023 and May 31, 2023. *See* ECF 51-2. Consequently, Plaintiffs did not and could not have addressed these

documents in their March 16, 2023 Motion to Complete and Supplement the Administrative Record. And, as a result, the Court's order on the motion does not and could not have addressed these documents.

A waiver is the "intentional relinquishment of a known right after knowledge of the facts." *See Roesch v. De Mota*, 24 Cal. 2d 563, 572 (1944). An "agreement cannot be interpreted as imputing to the parties an intention not within their contemplation at the time of the execution of the same." *Id.* Here, the parties agreed to address extra-record evidence no later than March 17, 2022. *See* ECF 31 at p. 3:3-14. As of that date, Plaintiffs were not in possession of the documents that BLM produced to Laurie Ford, and as such, any agreement regarding waiver of extra-record evidence cannot be interpreted to include these documents.

### e. Judicial Notice is Appropriate

In 2017, BLM published the phased 20-year Blue Wing Complex Gather EA and its associated Finding of No Significant Impact (FONSI) and Decision Record. *See* AR03268-03557. The last gather operations occurred in August of 2022; BLM has stated that a future gather is planned from July 8, 2024 to August 18, 2024. *See* ECF 50-1 at ¶45.)

BLM has denied meaningful public access to observe and document the BLM's gather and post-gather operations at the Blue Wing Complex. *See* ECF 50 at pp. 41-43. Because of this, Plaintiffs' have been unable to personally assess the health and condition of the gathered horses and burros. As a consequence, after the August 2022 gather, WILD HORSE EDUCATION's burro specialist, Laurie Ford, submitted Freedom of Information Act requests to BLM, seeking information on the health and condition of gathered burros. *See* ECF 51-2. BLM responded to these requests on March 31, 2023, May 8, 2023, and March 31, 2023. *See id.* Each of the documents that Plaintiffs seek judicial notice of are the product of these responses. *See id.*

Plaintiffs' First Amended Complaint notes that Plaintiffs have asked BLM to cancel all future gathers under the 2017 Gather EA until a new or supplemental EA is created.

5

*See* ECF 24 at ¶ 124. The failure of BLM to do so has injured Plaintiffs. *See id.* at ¶ 132.

These exhibits are necessary to support Plaintiffs claim that a new or supplemental NEPA analysis is warranted based upon significant new circumstances or information information bearing on the proposed action or its impacts. 40 C.F.R. § 1502.9(d).  New information consists of "intervening information not already considered." *Earth Island Inst. v. United States Forest Serv.*, 87 F.4th 1054, 1069 (9th Cir. 2023). That is, Plaintiffs claim necessarily is based upon information not in the administrative record. *See Friends of the Clearwater v. Dombeck*, 222 F.3d 552, 560 (9th Cir. 2000) (courts can consider extra-record documents for claim to compel an agency to produce a supplemental environmental analysis "because courts are not limited to the administrative record in such claims").

### III.   CONCLUSION

For the foregoing reasons, Plaintiffs' Request for Judicial Notice should be granted.

DATED: April 12, 2024,                    Respectfully Submitted,

*/s/ Jennifer Rae Lovko*

Danielle M. Holt
(Nevada Bar No. 13152)
DE CASTROVERDE LAW GROUP
1149 S Maryland Pkwy
Las Vegas, NV 89104
(702) 222-9999
danielle@decastroverdelaw.com

Jessica L. Blome
(Cal. Bar No. 314898, admitted pro hac vice)
Jennifer Rae Lovko
(Cal. Bar No. 208855, admitted pro hac vice)
GREENFIRE LAW, PC
2748 Adeline Street, Suite A
Berkeley, CA 94703

(510) 900-9502
jblome@greenfirelaw.com
rlovko@greenfirelaw.com

*Attorneys for Plaintiffs*