TODD KIM, Assistant Attorney General
United States Department of Justice
Environment and Natural Resources Division
MICHELLE M. SPATZ, Trial Attorney
FRANCES B. MORRIS, Trial Attorney
P.O. Box 7611, Ben Franklin Station
Washington, D.C. 20044-7611
(202) 598-9741 (Spatz)
(202) 514-2855 (Morris)
michelle.spatz@usdoj.gov
frances.morris@usdoj.gov

*Attorneys for Federal Defendants*

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEVADA**

| | |
|---|---|
| CANA FOUNDATION, a non-profit corporation, LAURA LEIGH, individually, and WILD HORSE EDUCATION, a non-profit corporation,<br><br>*Plaintiffs,*<br><br>v.<br><br>UNITED STATES DEPARTMENT OF THE INTERIOR, BUREAU OF LAND MANAGEMENT, and JON RABY, Nevada State Director of the Bureau of Land Management,<br><br>*Federal Defendants.* | Case No. 2:22-cv-01200-CDS-BNW<br><br>**FEDERAL DEFENDANTS' RESPONSE TO PLAINTIFFS' SUPPLEMENTAL LETTER** |

On July 31, 2024, Plaintiffs filed a letter with this Court allegedly identifying "pertinent and significant information" relevant to the parties' pending motions for summary judgment. ECF No. 74. In doing so, Plaintiffs cited Federal Rule of Appellate Procedure 28(j), which governs the submission of supplemental authorities by letter in cases pending before United States Circuit Courts of Appeal. However, Plaintiffs did not comply with the procedures set forth in the Local Rules of Practice for the District of Nevada, which specify that a party "may not file supplemental pleadings, briefs, authorities, or evidence without leave of court granted for good cause." *See* LR 7-2(g). Plaintiffs did not first move for leave of court, and on that basis, the Court should strike Plaintiffs' letter. *Id.* ("The judge may strike supplemental filings made without leave of court.").

Notwithstanding Plaintiffs' failure to obtain leave of court, Plaintiffs' letter does not raise information that is pertinent or significant to the parties' pending motions. Plaintiffs' letter alleges that, in July, Plaintiffs "discovered that [the Bureau of Land Management ("BLM")] did not conduct a census of the HMAs and HAs of the Blue Wing Complex before initiating roundup actions." ECF No. 74 at 1. But Plaintiffs' claims in this litigation arise under the Administrative Procedure Act ("APA"), which confines the scope of review to the administrative record before the agency at the time it made the challenged decision. *See* Fed. Def's.' Opp. to Pls.' Mot. for Judicial Notice, ECF No. 62 at 9-11. Plaintiffs' letter is another improper attempt to supplemental the record with extra-record materials, which this Court already denied in September 2023. ECF No. 47.

The allegations in Plaintiffs' letter are also not relevant to Plaintiffs' claims, which: assert that Federal Defendants have a duty to prepare a Herd Management Area Plan for each Herd Management Area before conducting herd management activities (First-Fourth claims);

1

challenge Federal Defendants' consideration of environmental impacts associated with the removal of horses from the Blue Wing Complex and compliance with the National Environmental Policy Act (Fifth Claim); and allege a First Amendment violation regarding Plaintiffs' ability to observe and document fathers (Sixth Claim). *See* First Am. Compl., ECF No. 24. None of these claims challenge the Appropriate Management Level ("AML"). To the extent that Plaintiffs' NEPA claim encompasses the accuracy of population estimates, Federal Defendants have already responded to such allegations. *See* Fed. Defs.' Br. 31-32. Plaintiffs' letter does not raise information—much less pertinent and significant information—not already addressed in the parties' briefing.

Federal Defendants further note that BLM has now concluded its 2024 gather of excess wild horses and burros on the Blue Wing Complex. *See* https://www.blm.gov/programs/wild-horse-and-burro/herd-management/gathers-and-removals/nevada-winnemucca-do/2024-blue.

To the extent the Court finds good cause to grant Plaintiffs leave to file supplemental evidence, Federal Defendants respectfully request an opportunity to respond to the substance of Plaintiffs' letter within 14 days from the date that the Court enters such a ruling. *See* LR 7-2(b) (allowing 14 days to respond to all non-summary judgment motions).

Dated: August 3, 2024

          Respectfully Submitted,

          TODD KIM, Assistant Attorney General

           */s/ Michelle M. Spatz*
          MICHELLE M. SPATZ, Trial Attorney
          D.C. Bar No. 1044400
          United States Department of Justice
          Environment & Natural Resources Division
          Wildlife & Marine Resources Section
          P.O. Box 7611
          Washington, D.C. 20044-7611

(202) 598-9741
michelle.spatz@usdoj.gov

*/s/ Frances B. Morris*
FRANCES B. MORRIS, Trial Attorney
D.C. Bar No. 1016833
United States Department of Justice
Environment & Natural Resources Division
Natural Resources Section
P.O. Box 7611
Washington, DC 20044-7611
(202) 514-2855
frances.morris@usdoj.gov

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on August 3, 2024, I filed the foregoing Response to Plaintiffs' Supplemental Letter electronically through the CM/ECF system, which caused all parties or counsel of record to be served by electronic means, as more fully reflected on the Notice of Electronic Filing.

/s/ *Michelle M. Spatz*
Michelle M. Spatz
U.S. Department of Justice