UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

| | |
|---|---|
| Laura Leigh, et al., | Case No. 2:22-cv-01200-MMD-BNW |
| Plaintiffs, | **ORDER SCHEDULING SETTLEMENT CONFERENCE** |
| v. | |
| United States Department of Interior, Bureau of Land Management, et al., | |
| Defendants. | |

This matter has been referred to the undersigned magistrate judge to conduct a Settlement Conference. A Settlement Conference is, therefore, scheduled for **December 9, 2024, at 10:00 a.m.** via Zoom video conference.

On **December 2, 2024**, parties and counsel must send—along with their confidential written evaluation statement (*see* section IV)—their preferred e-mail address for the Zoom invitation to judicial clerk Brenna Irving at brenna_irving@nvd.uscourts.gov. Parties and counsel should prepare to participate in the Settlement Conference for the entire business day unless Judge Weksler indicates otherwise.

**I.      Pre-Settlement Conference Telephonic Conference**

A pre-Settlement Conference telephonic conference is set for **December 6, 2024, at 3:00 p.m.** This telephonic conference is for Judge Weksler and counsel only. Counsel must call (877) 810-9415 (access code 2365998) five minutes before the telephonic conference.

**II.     Timelines**

All parties and counsel are expected to be online and ready to proceed with the Settlement Conference at its scheduled time. If anyone anticipates being late to the Settlement Conference, they must give **prior** notice by contacting chambers at (702) 464-5570.

**III.    Attendance Requirements**

The remote participation of each of the following individuals is required for the entire

duration of the Settlement Conference: an attorney of record who will be participating in the trial of this case; all parties appearing *pro se*, if any; all individual parties; for non-individual parties, a representative with settlement authority up to the full amount of the claim. If any party is subject to coverage by an insurance carrier, then a representative of the insurance carrier with settlement authority up to the full amount of the claim must also participate for the entire duration of the Settlement Conference.

The Court **may impose sanctions** if any of the above individuals fail to participate in the Settlement Conference.

### IV.     Confidential Written Evaluation Statement

In preparation for the Settlement Conference, each party must submit a confidential written evaluation statement for the Court's in-camera review. The purpose of the written evaluation is to assist the undersigned in preparing for and conducting the Settlement Conference.

To facilitate a meaningful discussion, the parties' utmost candor is required. The written evaluation will not be seen by or shared with the district judge presiding over this matter. Each written evaluation will be securely maintained and will be destroyed following the conclusion of the Settlement Conference.

The evaluation statement must adhere to the following requirements:

- The first paragraph must contain the names and titles of all attendees. For non-individual parties present through a representative, you must indicate if there is a dollar value above which you will need the approval of a board or similar body and what that dollar value is. Each party may identify any persons connected with a party opponent (including an insurer representative) whose presence might substantially improve the utility of the Settlement Conference or the prospects of settlement.
- **The written evaluation must not exceed 10 written pages, not including exhibits. The entire written evaluation must not exceed 50 pages, including exhibits.** The parties should not include as exhibits any items available on the case docket. A

citation to the ECF No. will suffice. **If either party desires to exceed these page limits, they must seek the Court's approval.** The Court will not grant approval unless the requesting party can establish how the additional pages will aid the Court in helping the parties reach settlement.

- The written evaluation must briefly describe the substance of the suit and address the party's views on the key liability and damages issues. **Each written evaluation must contain the elements of each claim and an analysis discussing how the facts relate to those elements.** Further, each party must discuss the strongest and weakest points of their case, both factually and legally, including a candid evaluation of the merits of their positions.

- The parties must each include a comprehensive history, if any, of settlement negotiations occurring before the Settlement Conference. **The final paragraph of the evaluation statement must contain the opening offer or demand that the party will make at the Settlement Conference**.

- If there are documents, pictures, recordings, etc., out of which the underlying suit arose, or whose availability would materially advance the purpose of the evaluation session, the parties must include copies of those items as exhibits to their evaluation statements. If a party desires to include deposition transcripts as an exhibit, the party should include only excerpts that the party desires to emphasize.

- The written evaluation must estimate the costs (including attorney's fees and costs) of taking the case from Settlement Conference through trial.

- **Each party's written evaluation must be submitted electronically to judicial clerk Brenna Irving at brenna_irving@nvd.uscourts.gov by 4:00 p.m. on December 2, 2024**. The evaluation statement and each exhibit should be emailed as **separate attachments** within the same e-mail. Do not deliver or mail the written evaluations to the clerk's office and do **not** serve a copy on opposing counsel.

//

V.  **Electronic Devices**

**Recording the Settlement Conference proceedings is expressly prohibited**. All participants are permitted to use their electronic devices to access information necessary to participate in the Settlement Conference or while the undersigned caucuses with other parties.

VI.  **Sanctions**

Failure to comply with this Order's requirements may subject the noncompliant party to sanctions under Local Rule IA 11-8 or Federal Rule of Civil Procedure Rule 16(f).

DATED this 21st day of October, 2024.

_____
BRENDA WEKSLER
UNITED STATES MAGISTRATE JUDGE