TODD KIM, Assistant Attorney General
United States Department of Justice
Environment and Natural Resources Division
MICHELLE M. SPATZ, Trial Attorney
FRANCES B. MORRIS, Senior Trial Attorney
P.O. Box 7611, Ben Franklin Station
Washington, D.C. 20044-7611
(202) 598-9741 (Spatz)
(202) 514-2855 (Morris)
michelle.spatz@usdoj.gov
frances.morris@usdoj.gov

*Attorneys for Federal Defendants*

# UNITED STATES DISTRICT COURT
## DISTRICT OF NEVADA

| | |
|---|---|
| CANA FOUNDATION, a non-profit corporation, LAURA LEIGH, individually, and WILD HORSE EDUCATION, a nonprofit corporation,<br><br>*Plaintiffs*,<br><br>v.<br><br>UNITED STATES DEPARTMENT OF THE INTERIOR, BUREAU OF LAND MANAGEMENT, and JON RABY, Nevada State Director of the Bureau of Land Management,<br><br>*Federal Defendants*. | Case No. 2:22-cv-01200-CDS-BNW<br><br>**UNOPPOSED MOTION TO MODIFY ORDER SCHEDULING SETTLEMENT CONFERENCE** |

The United States Department of Interior, Bureau of Land Management ("BLM") and Jon Raby, in his official capacity as Nevada State Director for the BLM (collectively, "Defendants"), respectfully request that the Court modify its October 21, 2024, Order (ECF No. 86) to excuse the Department of Justice ("DOJ") from producing an official with full settlement authority at the settlement conference set for December 9, 2024. Defendants also request that the Court excuse the attendance of Jon Raby, and allow Alan Shepherd, Deputy Nevada State Director of the Bureau of Land Management, to attend in his place. Counsel for Defendants have conferred with all parties, and Plaintiffs do not object to Defendants' request.

1

By way of background, on September 23, 2024, the Court issued an Order granting in part and denying in part the parties' cross-motions for summary judgment.  Order, ECF No. 79.  That Order referred the case to Magistrate Judge Weksler to conduct a settlement conference under LR 16-5 as to Plaintiffs' First Amendment claims. Order, ECF No. 79 at 39.  Subsequently, on October 21, 2024, the Court issued an Order scheduling a virtual settlement conference for December 9, 2024, and, among other things, ordered specific attendance requirements for the settlement conference.  ECF No. 86.  In particular, the Court ordered the remote participation of "all individual parties," and "for non-individual parties, a representative with settlement authority up to the full amount of the claim."  ECF No. 86 at 2.

Defendants respectfully request that they be excused from any requirement that an official with full settlement authority attend, and to instead have Defendants be represented by DOJ trial counsel knowledgeable in this matter. In addition, Defendants request that the Court excuse the attendance of Jon Raby, Nevada State Director for the BLM, and allow the Deputy State Director, Alan Shepherd, to attend in his place.

Defendants fully support the use of settlement conferences and other dispute resolution techniques to assist parties in exploring resolution of litigation without judicial intervention and intend to participate in good faith at the December 9 conference.  However, the United States is unable to comply with the requirement that a representative with full settlement authority attend the conference.  That authority is vested in the Attorney General of the United States.  *See* 28 U.S.C. §§ 509; 516; and 519.  The Attorney General, in turn, has delegated to the Assistant Attorneys General the authority to accept offers in compromise in all non-monetary cases assigned to their respective divisions.

In this case, that authority resides with Todd Kim, Assistant Attorney General ("AAG") of the DOJ Environment and Natural Resources Division, a presidential appointee confirmed by Congress. *See* 28 C.F.R. § 0.160(a)(4). The AAG has a multitude of responsibilities, including ultimate settlement authority for thousands of cases to which the United States or its agencies or officers is a party. Realistically, AAG Kim cannot attend or even be available by telephone for settlement conferences in all cases in which he has settlement authority. Instead, out of necessity, any proposed terms for settlement or compromise by Defendants must be formally referred in writing to the AAG for approval.

Accordingly, Defendants respectfully request that the Court modify the Order to excuse Defendants from the requirement that an official with full settlement authority attend the conference. Various courts have confirmed that such modification is appropriate. *See United States v. U.S. Dist. Ct. for the N. Mariana Islands*, 694 F.3d 1051, 1059 (9th Cir. 2012) (excusing "a government representative with full settlement authority to appear at the first settlement conference to be held with the court"). In reaching that conclusion the court explained, among other things, that: (1) "the federal government, though not independent of the court's authority, is also not like any other litigant," *id.*; (2) for the AAG "to prepare for and appear at all settlement conferences . . . would be highly impractical, if not physically impossible," *id.*; and (3) "the first conference to be held in the case" did not provide "a basis to conclude that the direct involvement of the critical decisionmaker for the federal government was needed to achieve a settlement," *id.* at 1060. So too, the Fifth Circuit explained that a "district court must consider the unique position of the government as a litigant in determining whether to exercise its discretion in favor of issuing such an order" requiring full settlement authority. *In re Stone*, 986 F. 2d 898 (5th Cir. 1993); *see also C1 Design Grp. v. United States*,

No. 15-146, 2016 WL 3017380, at *2 (D. Id. May 24, 2016) (approving the attorney handling the case to attend the mediation, with the Assistant Section Chief available by telephone.).

So too, the Advisory Committee Notes to Fed. R. Civ. P. 16 state that in litigation involving the government, "there may be no one with on-the-spot settlement authority, and that the most that should be expected is access to a person who would have a major role in submitting a recommendation to the body or board with ultimate decision-making authority." Advisory Committees' Note, Subdivision (c), Fed. R. Civ. P. 16 (1993 Amend.). And Congress has also recognized the need to account for the "unique situation" of the Department of Justice with respect to settlement in federal district court matters because the Department "does not delegate broad settlement authority to all trial counsel, but instead reserves that authority to senior officials" within the Department of Justice. *See* S. Rep. 101-416, 101st Cong., 2d. (Aug. 3, 1990), Senate Report to Accompany S. 2648, Pub. L. 101-650; H.R. Rep. 101-732 (Sept. 21, 1990), House Report to Accompany H.R. 3898, Pub. L. 101-650.

Finally, it is unlikely that the Court's desire for meaningful settlement discussions would be better served by the participation or presence of high-level DOJ officials. To the contrary, that goal can be achieved best by the participation of Defendants' DOJ trial attorneys who are knowledgeable about the parties, facts, issues, law, and any settlement options relating to this matter, and can accordingly recommend settlement proposals for approval by the AAG.

In addition, Defendants respectfully request that the Court excuse the attendance of Jon Raby, who is named as a defendant in his official capacity as Nevada State Director for BLM. Mr. Raby has an unavoidable conflict relating to his duties as State Director on December 9. Defendants request that Alan Shepherd, Deputy Nevada State Director for BLM, be permitted to attend in his place.

For the above reasons, Defendants respectfully request that the Court modify the Court's Order setting a settlement conference by excusing Defendants from the attendance requirement as to a representative with full and immediate settlement authority, and by permitting Mr. Alan Shepherd to attend in place of Mr. Jon Raby.

Dated: November 20, 2024             Respectfully submitted,

                                                          TODD KIM
                                                          Assistant Attorney General
                                                          United States Department of Justice
                                                          Environment & Natural Resources Division

                                                          */s/ Michelle M. Spatz*
                                                          MICHELLE M. SPATZ, Trial Attorney
                                                          Wildlife and Marine Resources Section
                                                          michelle.spatz@usdoj.gov
                                                          (202) 598-9741
                                                          FRANCES B. MORRIS, Senior Trial Attorney
                                                          Natural Resources Section
                                                          frances.morris@usdoj.gov
                                                          (202) 514-2855

                                                          *Attorneys for Federal Defendants*

# CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on November 20, 2024, I filed the foregoing Motion to Modify Order Scheduling Settlement Conference electronically through the CM/ECF system, which caused all parties or counsel of record to be served by electronic means, as more fully reflected on the Notice of Electronic Filing.

/s/ *Michelle M. Spatz*
Michelle M. Spatz
U.S. Department of Justice

# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

| | |
|---|---|
| CANA FOUNDATION, a non-profit corporation, LAURA LEIGH, individually, and WILD HORSE EDUCATION, a nonprofit corporation, <br><br> *Plaintiffs*, <br><br> v. <br><br> UNITED STATES DEPARTMENT OF THE INTERIOR, BUREAU OF LAND MANAGEMENT, and JON RABY, Nevada State Director of the Bureau of Land Management, <br><br> *Federal Defendants*. | Case No. 2:22-cv-01200-CDS-BNW <br><br> **ORDER** |

Good cause having been shown, Defendants' Motion to Modify Order Scheduling Settlement Conference, ECF No. 86, is GRANTED.

IT IS ORDERED that Defendants are excused from producing a representative with full and immediate settlement authority at the settlement conference.

IT IS FURTHER ORDERED that Alan Shepherd, Deputy Nevada State Director for the Bureau of Land Management, may attend in place of Jon Raby, Nevada State Director of the Bureau of Land Management.

DATED this 21 day of November, 2024.

_____
U.S. Magistrate Judge Brenda Weksler

1